IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **SOCORRO MATA, MARIA CRUZ SOLIS, BERONICA HERNANDEZ, ANTONIO AVILA, ROSELIA VEGA**, and **JOSE FERNANDEZ**, on behalf of themselves and all other similarly situated employees, known and unknown, | Civil Action |
| Plaintiffs, | No. |
| v. | |
| **INO'S TACOS #1 INC.**, an Illinois corporation, **INO'S TACOS #2 INC.**, an Illinois corporation, **RICHARD DIAZ**, and **ANA DIAZ**, individually, | |
| Defendants. | JURY DEMAND |

## COMPLAINT

By and through his attorneys of record and on behalf of themselves and all other similarly situated employees, known and unknown, the plaintiffs, SOCORRO MATA, MARIA CRUZ SOLIS, BERONICA HERNANDEZ, ANTONIO AVILA, ROSELIA VEGA, and JOSE FERNANDEZ, complain of the defendants, INO'S TACOS #1, INC. ("INO'S 1"), an Illinois corporation, INO'S TACOS #2, INC. ("INO'S 2"), an Illinois corporation, RICHARD DIAZ, and ANA DIAZ. Pleading hypothetically and in the alternative, the Plaintiffs allege as follows:

## I. INTRODUCTION

1. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, as a result of the defendants' failure to pay overtime compensation to the plaintiffs, and to other similarly situated employees of the defendants (the "Putative Class"). The plaintiffs routinely worked in excess of 40 hours per week for

the defendants, but the defendants failed and refused to pay them time-and-one-half overtime compensation for the hours they worked in excess of 40 in given weeks as the FLSA requires.

2. Upon information and belief, the defendants routinely failed and refused to pay the Putative Class members time-and-one-half overtime compensation for the hours they worked in excess of 40 in given weeks as well, and continue this improper payroll practice through the present day. In Count I, the plaintiffs bring claims under Section 216(b) of the FLSA.

3. Additionally, the defendants routinely failed and refused to pay the plaintiff, MARIA CRUZ SOLIS, at a rate not less than the applicable Illinois minimum wage rate in certain weeks.

4. Upon information and belief, the defendants routinely failed and refused to pay some of the Putative Class members at rates not less than the Illinois minimum wage rate, and continue this improper payroll practice through the present day.

5. In Count II the plaintiffs brings supplemental claims under the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1 *et seq*.

## II.  THE PARTIES

6. The plaintiffs are individuals domiciled within Illinois and resides within the Northern District of Illinois.

7. RICHARD DIAZ and ANA DIAZ are individuals who, upon information and belief, are domiciled in Illinois and resides within the Northern District of Illinois.

8.     The following defendants are Illinois corporations that each maintain registered offices within Illinois at 6456 S. Kilpatrick Avenue, Chicago IL 60629: a) INO'S 1; and b) INO'S 2.

9.     At all times relevant to this action, the following defendants were and are corporate officers of INO'S 1: a) RICHARD DIAZ; and b) upon information and belief, ANA DIAZ.

10.     At all times relevant to this action, the following defendants were and are corporate officers of INO'S 2: a) upon information and belief, RICHARD DIAZ; and b) ANA DIAZ.

11.     Upon information and belief, at all times relevant to this action, the following defendants held and hold an ownership interest in INO'S 1: a) RICHARD DIAZ; and b) ANA DIAZ.

12.     Upon information and belief, at all times relevant to this action, the following defendants held and hold an ownership interest in INO'S 2: a) RICHARD DIAZ; and b) ANA DIAZ.

13.     At all times relevant to this action, RICHARD DIAZ and ANA DIAZ exercised and exercise significant control over day-to-day affairs of the following corporate defendants, including without limitation their human resources and payroll functions: a) INO'S 1; and b) INO'S 2.

14.     At all times relevant to this action, the following defendants had and have the power to hire and fire employees of INO'S 1: a) RICHARD DIAZ; and b) ANA DIAZ

15.     At all times relevant to this action, the following defendants had and have the power to hire and fire employees of INO'S 2: a) RICHARD DIAZ; and b) ANA DIAZ.

3

16.     At all times relevant to this action, the following defendants had and have the power to set the work schedules and pay rates of INO'S 1's employees: a) RICHARD DIAZ; and b) ANA DIAZ.

17.     At all times relevant to this action, the following defendants had and have the power to set the work schedules and pay rates of INO'S 2's employees: a) RICHARD DIAZ; and b) ANA DIAZ.

### III.   JURISDICTION AND VENUE

18.     Federal question jurisdiction is conferred on this Court by Section 16(b) of the FLSA and 28 U.S.C. §1331.

19.     Supplemental jurisdiction over the Illinois statutory claims alleged herein is conferred on this Court by 28 U.S.C. § 1367(a).

20.     Venue is proper as the acts or omissions that gave rise to the claims alleged herein occurred within the Northern District of Illinois.

### IV.   STATUTORY CONSENT

21.     The plaintiffs bring this case as an opt-out collective action under the FLSA on behalf of themselves and the Putative Class, and in accord with Section 16(b) of the FLSA, the plaintiffs have given written consent to bring such an action (attached as **Exhibit A** and incorporated by reference).

### V.   GENERAL ALLEGATIONS

22.     At all times relevant to this action, the defendants were the plaintiffs' "employer", within the meaning of Section 3(a) and (d) of the FLSA in that the defendants acted directly or indirectly in the interest of the "employer" in relation to the employee

plaintiffs represented herein, and are therefore jointly and severally liable for the unpaid wages and other relief sought herein.

23.     At all times relevant to this action, the defendants were and are the Putative Class members' "employer", within the meaning of Section 3(a) and (d) of the FLSA in that the defendants acted/act directly or indirectly in the interest of the "employer" in relation to the employee plaintiffs represented herein, and are therefore jointly and severally liable for the unpaid wages and other relief sought herein.

24.     At all times relevant to this action, the defendants were the plaintiffs' "employer" within the meaning of Section 3(c) of the IMWL in that the defendants acted directly or indirectly in the interest of the "employer" in relation to the plaintiffs, and are therefore jointly and severally liable for the unpaid wages and other relief sought herein.

25.     At all times relevant to this action, the plaintiffs were "employees" of the defendants within the meaning of Section 3(e)(1) of the FLSA in that, among other things, the defendants allowed them to perform work for their benefit.

26.     At all times relevant to this action, the Putative Class members were and are "employees" of the defendants within the meaning of Section 3(e)(1) of the FLSA in that, among other things, the defendants allowed/allow them to perform work for their benefit.

27.     At all times relevant to this action, the plaintiffs were "employees" of the defendants within the meaning of Section 3(d) of the IMWL in that, among other things, the defendants allowed them to perform work for their benefit.

28.     At all times relevant to this action, the defendants owned and operated, and own and operate, a restaurant commonly known as INO'S TACOS at or near 7100 Roosevelt Road, Oak Park IL, 60304.

29.     At all times relevant to this action, the defendants owned and operated, and own and operate, another restaurant commonly known as INO'S TACOS at or near 1865 W. 35th Street. Chicago IL, 60609.

30.     The defendants typically assigned employees to work at both of the locations referenced above interchangeably, indicating that the two restaurants described above have a common business purpose and are under common control.

31.     The defendants assigned their employees, including some of the plaintiffs, to work at both of the locations described above at various times.

32.     Upon information and belief, the defendants own and operate additional restaurants in Illinois.

33.     The allegation in the preceding paragraph is supported by the fact that the corporate defendants' formal names are "INO'S TACOS #1, INC.," and "INO'S TACOS #2, INC.," which begs the question: if "#1" and "#2" exist, do "#3," "#4" and so on also exist?

34.     Upon information and belief, INO's 1 had gross receipts in excess of $500,000.00 in: a) 2008; b) 2009; c) 2010; d) 2011; e) 2012; f) 2013; g) 2014; h) the twelve-month period between and including April 1, 2014 and March 31, 2015; i) the twelve-month period between and including July 1, 2014 and June 30, 2015; and j) the twelve-month period between and including October 1, 2014 and September 30, 2015.

35.     Upon information and belief, INO'S 2 had gross receipts in excess of $500,000.00 in: a) 2008; b) 2009; c) 2010; d) 2011; e) 2012; f) 2013; g) 2014; h) the twelve-month period between and including April 1, 2014 and March 31, 2015; i) the twelve-month period between and including July 1, 2014 and June 30, 2015; and j) the twelve-month period between and including October 1, 2014 and September 30, 2015.

6

36.     Upon information and belief, the defendants, and their affiliated business entities, which entities operated food service establishments, had gross receipts in excess of $500,000.00 in: a) 2008; b) 2009; c) 2010; d) 2011; e) 2012; f) 2013; g) 2014; h) the twelve-month period between and including April 1, 2014 and March 31, 2015; i) the twelve-month period between and including July 1, 2014 and June 30, 2015; and j) the twelve-month period between and including October 1, 2014 and September 30, 2015.

37.     During the course of their employment by the defendants, the plaintiffs handled goods that moved in interstate commerce including but not limited to perishable produce, canned beverages, bottled beverages, meat products and poultry products.

38.     During the course of their employment by the defendants, the Putative Class members handled and handle goods that moved in interstate commerce including but not limited to perishable produce, canned beverages, bottled beverages, meat products and poultry products.

39.     During the course of their employment by the defendants, the plaintiffs and the Putative Class members were and are not exempt from the minimum wage and maximum hour provisions of the FLSA.

40.     During the course of their employment by the defendants, the plaintiffs were not exempt from the minimum wage and maximum hour provisions of the IMWL.

41.     The plaintiff, SOCORRO MATA, was employed by the defendants from about January, 1988 to about January, 2015.

42.     During about 2012 and 2013, with rare exception, SOCORRO MATA typically worked about 50 hours per week for the defendants, and therefore worked about 10

overtime hours per week during this period; and the defendants paid him $9.00 per hour for his labor.

43. From about January, 2014 to about mid-June, 2014, with rare exception, SOCORRO MATA typically worked about 44 hours per week for the defendants, and therefore worked about 4 overtime hours per week during this period; and the defendants paid him $9.00 per hour for his labor.

44. From about mid-June, 2014 to about January, 2015, with rare exception, SOCORRO MATA typically worked about 80 hours per week for the defendants, and therefore worked about 40 overtime hours per week during this period; and the defendants paid him $9.00 per hour for his labor.

45. The defendants paid SOCORRO MATA at his straight rate of $9.00 per hour for the hours he worked in the periods described above, even for the overtime hours that he worked.

46. The plaintiff, JOSE FERNANDEZ, was employed by the defendants from about June, 2013 to about mid-September, 2014.

47. From about June, 2013 to about May, 2014, with rare exception, JOSE FERNANDEZ typically worked about 50 hours per week for the defendants, and therefore worked about 10 overtime hours per week during this period; and the defendants paid him $9.00 per hour for his labor.

48. From about May, 2014 to about September, 2014 with rare exception, JOSE FERNANDEZ typically worked about 53 hours per week for the defendants, and therefore worked about 13 overtime hours per week during this period; and the defendants paid him $9.00 per hour for his labor.

8

49.     The defendants paid JOSE FERNANDEZ at his straight rate of $9.00 per hour for the hours he worked in the periods described above, even for the overtime hours that he worked.

50.     The plaintiff, MARIA CRUZ SOLIS, was employed by the defendants from about July, 2009 to about mid-November, 2012.

51.     From about July, 2009 through about April, 2012, with rare exception, MARIA CRUZ SOLIS typically worked about 50 hours per week for the defendants, and therefore worked about 10 overtime hours per week during this period; and the defendants paid him $7.50 per hour for her labor.

52.     From about May, 2012 through about August, 2012, with rare exception, MARIA CRUZ SOLIS typically worked about 50 hours per week for the defendants, and therefore worked about 10 overtime hours per week during this period; and the defendants paid her $9.00 per hour for her labor.

53.     From about September, 2012 through about October, 2012, MARIA CRUZ SOLIS worked about 74 hours per week for the defendants, and therefore worked about 34 overtime hours per week during this period; and the defendants paid her $9.00 per hour for her labor.

54.     For about two weeks in November, 2012, MARIA CRUZ SOLIS worked about 50 hours per week for the defendants, and therefore worked about 10 overtime hours per week during this period; and the defendants paid her $9.00 per hour for her labor

55.     The defendants paid MARIA CRUZ SOLIS at her straight rates of $7.50 per hour and $9.00 per hour, respectively, for the hours she worked in the periods described above, even for the overtime hours that she worked.

56.     The plaintiff, ROSALIA VEGA, was employed by the defendants from about July, 2012 to about January, 2015.

57.     ROSALIA VEGA's work hours fluctuated in the early part of her employment.

58.     However, from about January, 2013 until the end of her employment, with rare exception, ROSALIA VEGA typically worked about 50 hours per week for the defendants, and therefore worked about 10 overtime hours per week during this period; and the defendants paid him $8.50 per hour for his labor.

59.     The defendants paid ROSALIA VEGA at her straight rate of $8.50 per hour for the hours she worked in the periods described above, even for the overtime hours that she worked.

60.     The plaintiff, ANTONIO AVILA, was employed by the defendants from about 2010 through 2012.

61.     In about the first year of his employment, with rare exception, ANTONIO AVILA typically worked about 45 hours per week for the defendants, and therefore worked about 5 overtime hours per week during this period; and the defendants paid him $8.50 per hour for his labor.

62.     In about the last 2 years of his employment, with rare exception, ANTONIO AVILA typically worked about 10 hours per week for the defendants, and therefore worked about 10 overtime hours per week during this period; and the defendants paid him $8.50 per hour for his labor.

63.     The defendants paid ANTONIO AVILA at his straight rate of $8.50 per hour for the hours he worked in the periods described above, even for the overtime hours that he worked.

10

64.     The plaintiff, BERONICA HERNANDEZ, was employed by the defendants from about April, 2013 through about October, 2014.

65.     BERONICA HERNADEZ's work hours fluctuated during her employment (from 23 hours per week to 69 hours per week).

66.     However, in the vast majority of weeks during her employment, BERONICA HERNANDEZ worked in excess of 40 hours.

67.     The defendants paid BERNONICA HERNANDEZ at her straight rate for the hours she worked during her employment, even for the overtime hours that she worked.

68.     The plaintiffs observed that the defendants employed at least 6 other individuals at their restaurants in jobs that were the same as, or similar to, the jobs in which they were employed.

69.     Most if not all of these 6 other individuals are Putative Class members.

70.     Upon information and belief, the defendants employed and employ additional individuals at their restaurants.

## COUNT I
### (Violation of the FLSA)

71.     The plaintiffs hereby re-allege the foregoing paragraphs.

72.     Among other ways, the defendants violated the FLSA by:

a.  failing to pay the plaintiffs for certain overtime (in excess of 40 in any given workweek) hours at a rate equal to or greater than one and one-half times the regular rate at which they were employed;

b.  failing to accurately record the number of hours the plaintiffs worked each week;

c.  failing to provide the plaintiffs with pay stubs that accurately listed the number of hours they worked each week; and

      d.  failing to provide the plaintiffs with pay stubs that accurately listed their hourly rates of pay.

73.    Upon information and belief, among other ways, the defendants also violated the FLSA by:

      a.  failing to pay the Putative Class members for certain overtime (in excess of 40 in any given workweek) hours at a rate equal to or greater than one and one-half times the regular rate at which they were/are employed;

      b.  failing to accurately record the number of hours the Putative Class members worked/work each week;

      c.  failing to provide the Putative Class members with pay stubs that accurately listed/list the number of hours they worked/work each week; and

      d.  failing to provide the Putative Class members with pay stubs that accurately listed/list their hourly rates of pay.

74.    The defendants' violation of the FLSA was willful in that the defendants were aware or should have been aware of their obligations under the FLSA, but nevertheless attempted to circumvent its provisions.

75.    The defendants failed to take affirmative steps to ascertain their obligations under the FLSA.

WHEREFORE the plaintiffs, on behalf of themselves and the Putative Class, pray for judgment in their favor and against the defendants, and each of them, and for the following relief:

      A.  damages in an amount equal to the unpaid overtime compensation due and owing to the plaintiffs for each hour the plaintiffs worked in excess of 40 in any given week, but for which the defendants failed to pay the plaintiffs at rates equal to or greater than one and one-half times the regular rates at which the plaintiffs were employed (in no case less than one and one-half times the IMWL's mandatory minimum rate);

B.   statutory liquidated damages as allowed by the FLSA;

C.   interest on all amounts awarded;

D.   attorneys' fees, together with costs of suit and collection; and

E.   such further relief as may be fair and just in the premises.

## COUNT II
### (Violation of the IMWL)

76.   The plaintiffs re-allege the foregoing paragraphs.

77.   Among other ways, the defendants violated the IMWL by:

a.   failing to pay the plaintiffs for certain overtime (in excess of 40 in a given workweek) hours at a rate equal to or greater than one and one-half times the regular rate at which they were employed;

b.   failing to pay some of the plaintiffs at rate not less than the applicable, Illinois minimum wage rate in certain weeks;

c.   failing to accurately record the number of hours the plaintiffs worked each week;

d.   failing to provide the plaintiffs with pay stubs that accurately listed the number of hours they worked each week; and

e.   failing to provide the plaintiffs with pay stubs that accurately listed their hourly rates of pay.

78.   The defendants were aware or should have been aware of their obligations under the IMWL, but nevertheless attempted to circumvent its provisions.

79.   The defendants failed to take affirmative steps to ascertain their obligations under the IMWL.

80.   Each plaintiff who joins this action in the future will specifically adopt the allegations in this Count II.

WHEREFORE the plaintiffs prays for judgment in their favor and against the defendants, and each of them, and for the following relief:

A. damages in an amount equal to the unpaid overtime compensation due and owing to the plaintiffs for each hour the plaintiffs worked in excess of 40 in any given week, but for which the defendants failed to pay the plaintiffs at rates equal to or greater than one and one-half times the regular rate at which the plaintiffs were employed (in no case less than one and one-half times the IMWL's mandatory minimum rate);

B. damages in an amount equal to the unpaid minimum wages due and owing to the plaintiffs for each hour the plaintiffs worked, but for which the defendants failed to pay the plaintiffs at rates not less than the IMWL's mandatory minimum rate.

C. statutory penalties as allowed by the IMWL;

D. interest on all amounts awarded;

E. attorneys' fees, together with costs of suit and collection; and

F. such further relief as may be fair and just in the premises.

## JURY DEMAND

The plaintiffs demand a trial by jury of all issues set forth herein that are capable of being tried by a jury.

Respectfully submitted,

_/s/Paul Luka_____
One of the Plaintiffs' Attorneys

Paul Luka
Law Office of Paul Luka, P.C.
120 S. State Street, Suite 400
Chicago, IL 60603
(312) 971-7309
paul@lukapc.com

# EXHIBIT A

## CONSENT TO BE A PARTY PLAINTIFF

The undersigned hereby authorizes and engages the Law Office of Paul Luka, P.C., to pursue his/her claims for unpaid wages, and other relief, against Ino's Taco's #1, Inc., Ino's Tacos #2, Inc., Richard Diaz, Ana Diaz, and any other person/s who may have employed him/her in conjunction with said person/s (collectively the  "Employers"), and by the signature below the undersigned hereby consents to be a party plaintiff in a lawsuit brought against the Employers on behalf of him/herself and all other similarly situated employees, known and unknown, pursuant to 29 U.S.C. 216(b).

_____
Signature

_____
Print Name

## **CONSENT TO BE A PARTY PLAINTIFF**

The undersigned hereby authorizes and engages the Law Office of Paul Luka, P.C., to pursue his/her claims for unpaid wages, and other relief, against Ino's Taco's #1, Inc., Ino's Tacos #2, Inc., Richard Diaz, Ana Diaz, and any other person/s who may have employed him/her in conjunction with said person/s (collectively the "Employers"), and by the signature below the undersigned hereby consents to be a party plaintiff in a lawsuit brought against the Employers on behalf of him/herself and all other similarly situated employees, known and unknown, pursuant to 29 U.S.C. 216(b).


Jose' Fernandez
_____
Signature


_____
Print Name

## CONSENT TO BE A PARTY PLAINTIFF

The undersigned hereby authorizes and engages the Law Office of Paul Luka, P.C., to pursue his/her claims for unpaid wages, and other relief, against Ino's Taco's #1, Inc., Ino's Tacos #2, Inc., Richard Diaz, Ana Diaz, and any other person/s who may have employed him/her in conjunction with said person/s (collectively the "Employers"), and by the signature below the undersigned hereby consents to be a party plaintiff in a lawsuit brought against the Employers on behalf of him/herself and all other similarly situated employees, known and unknown, pursuant to 29 U.S.C. 216(b).

Antonio Avila
Signature

Antonio Avila.
Print Name

## **CONSENT TO BE A PARTY PLAINTIFF**

The undersigned hereby authorizes and engages the Law Office of Paul Luka, P.C., to pursue his/her claims for unpaid wages, and other relief, against Ino's Taco's #1, Inc., Ino's Tacos #2, Inc., Richard Diaz, Ana Diaz, and any other person/s who may have employed him/her in conjunction with said person/s (collectively the "Employers"), and by the signature below the undersigned hereby consents to be a party plaintiff in a lawsuit brought against the Employers on behalf of him/herself and all other similarly situated employees, known and unknown, pursuant to 29 U.S.C. 216(b).

Roselia Vega
Signature

Roselia Vega.
Print Name

## CONSENT TO BE A PARTY PLAINTIFF

The undersigned hereby authorizes and engages the Law Office of Paul Luka, P.C., to pursue his/her claims for unpaid wages, and other relief, against Ino's Taco's #1, Inc., Ino's Tacos #2, Inc., Richard Diaz, Ana Diaz, and any other person/s who may have employed him/her in conjunction with said person/s (collectively the "Employers"), and by the signature below the undersigned hereby consents to be a party plaintiff in a lawsuit brought against the Employers on behalf of him/herself and all other similarly situated employees, known and unknown, pursuant to 29 U.S.C. 216(b).

_____
Signature

_____Ma. Cruz Solis Bosques
Print Name

**CONSENT TO BE A PARTY PLAINTIFF**

The undersigned hereby authorizes and engages the Law Office of Paul Luka, P.C., to pursue his/her claims for unpaid wages, and other relief, against Ino's Taco's #1, Inc., Ino's Tacos #2, Inc., Richard Diaz, Ana Diaz, and any other person/s who may have employed him/her in conjunction with said person/s (collectively the "Employers"), and by the signature below the undersigned hereby consents to be a party plaintiff in a lawsuit brought against the Employers on behalf of him/herself and all other similarly situated employees, known and unknown, pursuant to 29 U.S.C. 216(b).

Signature

Print Name